Dear Mr. Savoie:
This office is in receipt of your request for an opinion of the Attorney General in regard to regulation of road use in the Town of Duson. You indicate a trucking firm that hauls oil products was issued a permit and photostated the permits for several of its trucks rather than purchasing permits for each truck. For transportation out of the drilling unit the trucks enter and exit on Toby Mouton Road. These oversized trucks break up the town streets causing continuing cost for the repair. When the drivers were confronted, the Town was met with the position that the Highway Regulatory Act preempted the Town of Duson on the subject. You state if the State preempts Duson on Toby Mouton Road, then the Town of Duson will turn the maintenance of the road over to the State. You ask our views on the validity of an ordinance that requires a permit for heavy trucks to use the Town roads.
It is our understanding that Toby Mouton Road is not a part of the state highway system that must be maintained by the State, but is a Town Road that makes a "T" intersection into Highway 343.
Local municipal authorities with respect to highways other than state maintained highways within their corporate limits are permitted in R.S. 32:41(10) to adopt ordinances restricting traffic on limited access highways or temporarily reducing the permissible weight of vehicles which may be operating thereon when because of deterioration the highway will be seriously damaged unless the use of vehicles thereon is prohibited or permissible weight reduced, and in paragraph (13) are permitted to create additional regulations controlling traffic upon non-state maintained highways within their corporate limits under their general police power so long as such regulations do not modify, or conflict with the provisions of the Chapter or regulations of the Department.
We find under R.S. 32:387 that a vehicle which does not meet the requirements of R.S. 32:380 through 32:386 shall not use the public highways of the State without first obtaining a special permit from the department "in addition to any other special permit which may be required from any other agency or department of the state or a political subdivision". We feel that this provision implies that local political subdivisions may require permits for oversized vehicles on parish roads.
Moreover, in Atty. Gen. Op. No. 81-702 Bossier Parish was faced with a problem similar to yours where parish roads built years ago were being utilized by heavy oil field equipment, and it was asked if the Police Jury had the power to enact ordinances for maintenance surety bonds from oil companies drilling in the area. It was concluded local police juries have full authority to regulate traffic upon parish maintained roads, and recognized other jurisdictions in the state had passed ordinances regulating vehicular traffic on their parish roads with regard to weight limits. However, it was cautioned that any ordinance should not be directed solely at vehicles being used by oil companies but directed at a certain weight class of vehicles in general. Thus, it was stated the police jury could pass any "ordinance seeking to regulate vehicular traffic upon parish roads with the aim towards maintaining the viability of said highways and such regulations, in our opinion, may include an ordinance whereby companies operating on parish roads with vehicles in excess of a load limit set by the parish are required to post some type of surety bond to ensure any repairs caused by the utilization thereof."
Following the reasoning of this earlier opinion, we conclude the local governing authority could pass an ordinance requiring permits in connection with load limits in seeking to regulate vehicular traffic upon town roads.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR